NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

FRANK OLECHOWSKI, PETITIONER, v. BOTANY WORSTED
MILLS, INCORPORATED, RESPONDENT.

For the petitioner, *Ward & McGinnis.*

For the respondent, *Clarence B. Tippett* (*Louis C. Friedman,* appearing).

\*　　\*　　\*　　\*　　\*　　\*　　\*

The attorney for the petitioner moved to amend the said petition filed herein to change of record the date of accident from November 3d, 1926, at ten A. M., to July 1st, 1926, at 10 A. M. This amendment was allowed by the presiding deputy commissioner and consented to by the attorney for respondent; and in order that it could be verified, the petitioner's attorney called the petitioner, who was sworn, and through an interpreter appearing with the petitioner, who was also sworn, the said petitioner stated that the date of accident was July 1st, 1926. He was also questioned by the counsel for respondent if he understood that this was the definite date of claimed accidental injury as alleged in the petition, and he reiterated that July 1st, 1926, was the date of accident. The presiding commissioner also questioned the petitioner upon the same point, his definite admission being that such was the date of accident and not November 3d,

1926. Whereupon, counsel for respondent moved that the petition herein be dismissed for the reason that the date of accident was now sworn to by the claimant as July 1st, 1926, and since the petition was not filed with the bureau at Trenton until August 3d, 1927, the said claim for compensation was barred in that it was not filed within the statutory time prescribed of one year from the date of accidental injury.

Before ruling upon said motion, the presiding commissioner permitted the petitioner's attorney, with consent of respondent's attorney, to call the plant nurse, Laura Sartoir, who denied any knowledge or notice of any accidental injury of record with the employer; also, Dr. Van Schott, who stated that on February 3d, 1927, he first saw the petitioner at the plant hospital, finding an epithelioma on the left lower lip, which he considered of long standing, and disclaimed any history of a burn received by him then or at any time to the said left side of the lower lip; and further denied any treatment ever having been afforded him by the plant, or any record of any treatment for any burn conditions.

Further, Joseph Paschke, foreman, was called, who denied any knowledge of any accidental injury, although recalling that sometime before Christmas, 1926, the exact time he could not state, he noticed claimant with a plaster on his lip, and questioning him about it, was informed he had had a slight burn on his lip; but he could not recall the exact date of this conversation nor was any date given by claimant of when this happened.

Henry Bley, employed as a fireman, was also called, who recollected seeing claimant wipe his mouth one day with his hand, stating he had been burned on the lip by a hot spark; but he could not give the date that this occurred, although thinking it occurred in the fall, sometime, without being exact or certain as to just when this was. He did not see the lip burned.

The above brief summary of the testimony so introduced on the question of accidental injury and the date thereof, conclusively demonstrates to my satisfaction that the claimant has failed to present legal evidence of a claim meriting

an award of compensation, particularly upon two grounds—*first,* that the undisputed testimony of the claimant shows the accident for which he claims compensation occurred July 1st, 1926. His own evidence is the best evidence, and no other witnesses were able to give any definite date when the alleged burn, if he did receive one, occurred. It may also be observed that a man, employed as a fireman, may from time to time be struck by chips of flying coal embers which of themselves do not cause disabiility. In this instance, the petitioner definitely alleges the date of the burn for which he claims a right to compensation did occur on July 1st, 1926. Therefore, the petition in this case was verified on August 2d, 1927, and filed August 3d, 1927, with the workmen's compensation bureau, which was beyond the statutory period of one year. *Second,* from the testimony of the nurse and the plant surgeon, who had the records of claimant before me, the proof submitted fails to show the employer had any notice or knowledge of the alleged claim of accidental injury; and the testimony of the foreman, Paschke, fails to show knowledge of any definite accidental injury sustained at any given time, so that the employer did not have the requisite notice or knowledge within ninety days after the occurrence of the alleged injury, which of itself would be sufficient, in fact and in law, to disallow a right to compensation.

Therefore, having given due consideration to the facts in issue and the reasons hereinabove set forth, I rule that the petitioner herein failed to comply with the statutory requirements meriting an award.

HARRY J. GOAS,
*Deputy Commissioner.*